DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:09-CR-431-GMN (LRL)<br>) |
| DEVALOIS LEBRON, | )<br>) |
| Defendant. | ) |

### PETITION, STIPULATION FOR RETURN OF PROPERTY AND ORDER

The United States of America, by and through its undersigned counsel, hereby stipulates and agrees with ANTHONY MCDANIEL as follows:

1. On March 29, 2010, DEVALOIS LEBRON pled guilty to Possession of a Stolen Firearm, in violation of Title 18, United States Code, Section 922(j) and agreed to the forfeiture of property named in the Forfeiture Allegation of the Criminal Indictment. Docket # 20, #21.

2. On March 31, 2010, the Court entered the Preliminary Order of Forfeiture (#23), in which DEVALOIS LEBRON forfeited to the United States property that was referenced in the Forfeiture Allegation of the Criminal Indictment pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

3. On July 9, 2010, DEVALOIS LEBRON was sentenced. #27.

4. On July 12, 2010, a Final Order of Forfeiture as to Defendant was entered. #26.

. . .

5. ANTHONY MCDANIEL petitions that the Colt .22 caliber pistol, serial number 00598PH which was in the possession of defendant DEVALOIS LEBRON at the time of his arrest, is the legal property of ANTHONY MCDANIEL, taken by the Defendant without the knowledge or permission of ANTHONY MCDANIEL under Title 28, United States Code, Section 1746. By his signature below, ANTHONY MCDANIEL declares, certifies, verifies, and states under penalty of perjury pursuant to Title 28, United States Code, Section 1746 that the foregoing in paragraph 5 is true and correct.

6. The Colt .22 caliber pistol, serial number 00598PH ("the property") is forfeited to the United States of America.

7. ANTHONY MCDANIEL knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property.

8. ANTHONY MCDANIEL knowingly and voluntarily agrees to relinquish all right, title, and interest in the property.

9. ANTHONY MCDANIEL knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") of the property.

10. ANTHONY MCDANIEL knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property arising from the facts and circumstances of this case.

11. ANTHONY MCDANIEL knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorney regarding the abandonment or the forfeiture and disposition of the property.

12. ANTHONY MCDANIEL knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

. . .

. . .

13. ANTHONY MCDANIEL knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the property.

14. ANTHONY MCDANIEL knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7 and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceeding or any forfeiture proceeding concerning the property.

15. ANTHONY MCDANIEL knowingly and voluntarily agrees to waive his right to a jury trial on the forfeiture of the property.

16. ANTHONY MCDANIEL knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine in any proceedings concerning the property.

17. ANTHONY MCDANIEL knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

18. ANTHONY MCDANIEL knowingly and voluntarily agrees and understands the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the Defendant in addition to the abandonment or the forfeiture.

19. After the property is forfeited with a Final Order of Forfeiture in this criminal case and the United States District Court has signed this Petition and Stipulation for Return of Property and Order concerning the Property, within a practicable time thereafter for the United States, the United States knowingly and voluntarily agrees the United States will transfer the property to ANTHONY

. . .

MCDANIEL. After the property is returned to ANTHONY MCDANIEL he will still have all of his remedies against the Defendant but no remedies against the United States

20. ANTHONY MCDANIEL knowingly and voluntarily agrees to the conditions set forth in this Petition and Stipulation for Return of Property and Order ("Stipulation").

21. ANTHONY MCDANIEL knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the North Las Vegas Police Department, their agencies, their agents, and their employees from any claim made by him or any third party arising out of the facts and circumstances of this case.

22. ANTHONY MCDANIEL releases and forever discharges the United States of America, the United States Department of Justice, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the North Las Vegas Police Department, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that ANTHONY MCDANIEL now has or may hereafter have on account of, or in any way growing out of, the seizure of the property.

23. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

24. The Stipulation contains the entire agreement between the parties.

25. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

26. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

. . .

4

27. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

28. Each party shall bear his own attorneys' fees, expenses, interest, and costs.

29. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to Title 28, United States Code, Section 2465(a)(2), that there was reasonable cause for the seizure of the property.

DATED: 10/06/10                         DATED: _____

                                        DANIEL G. BOGDEN
                                        United States Attorney

_____               _____
ANTHONY MCDANIEL                        DANIEL D. HOLLINGSWORTH
                                        Assistant United States Attorney

27. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

28. Each party shall bear his own attorneys' fees, expenses, interest, and costs.

29. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to Title 28, United States Code, Section 2465(a)(2), that there was reasonable cause for the seizure of the property.

DATED: _____

DATED: October 8, 2010

DANIEL G. BOGDEN
United States Attorney

_____
ANTHONY MCDANIEL

/s/DanielDHollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED this 12th day of October, 2010.

_____
Gloria M. Navarro
United States District Judge