**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Respondent/Plaintiff, ) <br> vs. ) <br> ) <br> DEVALOIS LEBRON, ) <br> ) <br> Petitioner/Defendant. ) <br> ) <br> ) | Case No.: 2:09-cr-00431-GMN-LRL <br><br> **ORDER** |

Pending before the Court is Petitioner Devalois Lebron's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("2255 Motion"), (ECF Nos. 48, 51). The Government filed a Response, (ECF No. 53), and Petitioner filed a Reply, (ECF No. 54).

Also pending before the Court is Petitioner's Motion to Terminate Counsel and the Appointment of New Counsel, (ECF No. 65). For the reasons discussed below, the Court **DENIES** Petitioner's 2255 Motion, and **DENIES** Petitioner's Motion to Terminate Counsel and the Appointment of New Counsel.

**I.     BACKGROUND**

On March 29, 2010, Petitioner pled guilty to one count of possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Mins. Proceedings, ECF No. 21); (J., ECF No. 28). The Court accordingly sentenced Petitioner to a term of 120 months' imprisonment. (*See* J.).

On June 15, 2016, Petitioner filed an Abridged 2255 Motion, (ECF No. 48), followed by a comprehensive 2255 Motion on December 19, 2016, (ECF No. 51). On March 27, 2017, Petitioner filed a notice concerning the U.S. Supreme Court decision in *Beckles v. United*

*States*, 137 S. Ct. 886 (2017), and requested that the Court defer ruling on the 2255 Motion for thirty days. (Notice 1:18–2:2, ECF No. 55). Petitioner thereafter filed a *pro se* Motion to Terminate Counsel and for the Appointment of New Counsel, (ECF No. 65). This Order now follows.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). Motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

## III. DISCUSSION

### A. 2255 Motion

In the 2255 Motion, Petitioner argues that the sentence of 120 months' imprisonment violates due process because the Court imposed it under an unconstitutionally vague portion of the United States Sentencing Guidelines (U.S.S.G.)—specifically, U.S.S.G. § 4B1.2, known as the residual clause. (2255 Motion 2:2–7, ECF No. 51). Petitioner's vagueness argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the U.S. Supreme Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Petitioner accordingly points to the language in U.S.S.G § 4B1.2's residual clause, which is identical to the ACCA's residual clause, for the proposition that the statutory provisions, and any sentences imposed under them, are invalid. (*See id.* 6:12–9:2).

However, the U.S. Supreme Court's later decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), forecloses Petitioner's argument. In *Beckles*, the U.S. Supreme Court ruled that the United States Sentencing Guidelines are not subject to void-for-vagueness challenges. *Beckles*, 137 S. Ct. 886, 894 (2017) ("Unlike the ACCA, however, the advisory guidelines do not fix the permissible range of sentences. . . . Accordingly, the Guidelines are not subject to vagueness challenge under the Due Process Clause"). Thus, Petitioner has no basis for relief under *Johnson*. As such, the Court will deny Petitioner's 2255 Motion.

**B.    Motion to Terminate Counsel and the Appointment of New Counsel**

In his Motion to Terminate Counsel and the Appointment of New Counsel ("Motion"), (ECF No. 65), Petitioner requests that the Court terminate the Federal Public Defender's Office, "namely Sunethra Muralidhara and Nisha Brooks-Whittington." (Mot. at 1, ECF No. 65). Petitioner represents that "[t]here is a difference in strategy and there's a definite conflict in communication that requires [Petitioner] to terminate their representation of [Petitioner] in these matters." (*Id.*). Petitioner further requests that the Court "allow [Petitioner] to utilize an attorney under the Criminal Justice Act (CJA) panel . . . to handle [Petitioner's] legal affairs from this point on." (*Id.*). Subsequent to the filing of Petitioner's Motion, Assistant Federal Public Defenders Sunethra Muralidhara and Nisha Brooks-Whittington withdrew from Petitioner's representation in this matter. Thus, to the extent Petitioner's Motion requests that the Court terminate Sunethra Muralidhara and Nisha Brooks-Whittington's representation of Petitioner, the Motion is denied as moot. The Court now turns to Petitioner's request for appointment of CJA panel counsel.

An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the Court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B). The Court has discretion to appoint counsel when the interests of justice so require. 18 U.S.C. § 3006(A)(2). The interests of justice so require where the complexities of the case are such that denial of

counsel would amount to a denial of due process. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the Court has reviewed the documents and pleadings on file in this matter and finds that appointment of counsel is not warranted. The issues raised in Petitioner's underlying 2255 Motion are not complex and Petitioner has made no showing as to why denial of counsel would amount to a denial of due process. Further, the Court has reviewed Petitioner's underlying 2255 Motion above and finds that it is without merit. Therefore, the Court shall deny Petitioner's Motion, (ECF No. 65).

### C. Certificate of Appealability

Additionally, the Court will not issue a certificate of appealability, which is required for Petitioner to proceed with an appeal of this Order. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Ornoski*, 435 F.3d at 951 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In order to meet this threshold inquiry, Petitioner has the burden of demonstrating that the issues are debatable among jurists of reason, a court could resolve the issues differently, or the questions are adequate to deserve encouragement to proceed further. *Id.*

The Court has considered the issues raised by Petitioner with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that the issues do not meet that standard. The Court will therefore deny Petitioner a certificate of appealability.

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's 2255 Motion, (ECF No. 48, 51), is **DENIED**.

**IT IS FURTHER ORDERED** that Motion to Terminate Counsel and the Appointment of New Counsel, (ECF No. 65) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**DATED** this __20__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court